JACKSON & SHARP Co. and another *v.* BURLINGTON & L. R. Co. and others.

*(Circuit Court, D. Vermont.  January 5, 1887.)*

1. COURTS—FEDERAL—FORECLOSURE SUIT—PARTIES—PROCEDURE.
    To a suit to foreclose a mortgage, brought in a federal court in one state against a corporation of that state, by bondholders, citizens of another state, other bondholders who are citizens of the state where the suit is brought cannot be made parties plaintiff, the jurisdiction being dependent upon citizenship; but, under such circumstances, the plaintiffs can foreclose the mortgage separately, and the proceeds of sale, if a sale is made, will be distributed according to the rights of all.

2. SAME—TIME TO REDEEM—PRACTICE IN STATE AND FEDERAL COURTS.
    A right of a mortgagor to have time to redeem on suit to foreclose recognized by the laws of a state where the mortgage was made, is a property right, which will be regarded in a suit to foreclose brought in a federal court. *Held,* accordingly, in the case of a Vermont mortgage foreclosed in a federal court, that defendant would be allowed a year from the first day of the term in which to redeem, in accordance with the practice of the state courts, and (it being doubtful whether a sale should be ordered) that meanwhile no decree for sale would be made, and no decision as to whether plaintiffs were entitled to a sale.

3. INTEREST—AFTER MATURITY—BONDS.
    Under the Vermont law, bonds will bear interest after maturity, as well as before, at a special rate of interest mentioned in them.

In Equity.
*Luke P. Poland,* for orators.
*Eleazer R. Hard,* for defendants.

WHEELER, J.  This bill is brought by the orators, in behalf of themselves and all others in like interest, to foreclose a mortgage of the railroad of the defendant railroad company, made to trustees to secure $200,-000 of its bonds, payable to bearer in five years from date, which was November 1, 1878, with interest at 7 per cent. per annum, payable semiannually.  The orators are citizens of New Jersey.  The defendant railroad company is a citizen of Vermont, and the railroad is situated there. It is alleged in the bill that the bonds became due, and the condition of the mortgage broken, by non-payment, and that the orators afterwards applied to the trustees to foreclose the mortgage and enforce the security, and that they refused to do so.  This is admitted in the answer; and no question is made about the validity of the mortgage or the bonds, nor but that they were due and unpaid at the bringing of the suit.

The case has been to a master to take an account of the mortgage debt, and he has made report.  From his report it appears that the orator the Jackson & Sharp Company is the owner and holder of $13,000 of the principal of the bonds, on which there is due,—reckoning the interest at 7 per cent. from the time they fell due as well as before, and interest on the installments of interest at 6 per cent., the usual legal rate in Vermont, from the time they respectively fell due,—in all, $18,109.65; and that the orator the Diamond State Iron Company is the owner and

holder of $9,000 of the principal of the bonds, on which there is due, reckoning interest in like manner, $13,791.19. All the holders of the other bonds, respectively, presented them, and proved the amount due before the master, and he has reported the names of the holders, and the amounts due to them on the bonds. Some of them have asked and obtained leave of court to become parties as orators to the suit, on contributing a ratable proportion of its expense. It does not appear, however, that any of them have so in fact availed themselves of-the leave of court as yet to have become such parties. The report does not show but that some or all of them are citizens of Vermont. Such citizens cannot be parties plaintiff in the prosecution of this suit in this court, limited as it is, in suits of this kind, in jurisdiction, to suits in which there is a controversy between citizens of different states. Act March 3, 1875, (18 St. 470; Supp. Rev. St. 173.) Therefore this leave of court should be so modified as to permit the owners and holders of such bonds only as are not citizens of this state to become parties plaintiff in this suit on the terms mentioned. These proceedings before the master by the others may, however, be useful, in case there shall be a sale of the property, and distribution of its avails in the course of the suit. The orators are entitled, under the circumstances, separately to foreclose the mortgage, independently of the other bondholders, and, if the foreclosure results in a sale, the proceeds are to be distributed according to the rights of all in the property. *Chicago & V. R. Co.* v. *Fosdick,* 106 U. S. 47; S. C. 1 Sup. Ct. Rep. 10.

The orators have not, in the prayer for relief, prayed a sale, but at the hearing have asked a sale under the general prayer for any proper relief. By the laws of Vermont, as recognized and administered by the courts of the state, mortgagors are entitled to time to redeem on foreclosure, and to one year, unless the security is inadequate, or there are other special reasons why the time should be shortened. This is a right of property which attaches to the mortgage, and must be regarded and preserved in a suit for foreclosure in the courts of the United States, although the procedure in such a case is according to the practice of courts of the United States, and not according to the practice of the courts of the state, in equity, if the practice differs. *Brine* v. *Insurance Co.,* 96 U. S. 627; *Connecticut Mut. Life Ins. Co.* v. *Cushman,* 108 U. S. 51; S. C. 2 Sup. Ct. Rep. 236. The usual course of the courts of the United States appears to be to decree a sale in the end, on foreclosure, as is shown by these cases, care being taken to so carry out the proceedings as to protect all the rights of the mortgagor. This cannot be done in this case without giving time to redeem before sale, and, as the security is not shown to be inadequate, a year must be given, which, as is sometimes done in the state courts, may be reckoned from the first day of the term, to which time the computations of the master have been made. If the sum due the orators, with the costs, is paid within that time, including those, if any, who come in and become parties plaintiff, under the leave of court as modified, all right to a sale, or to further proceedings in this cause, will be ended. Therefore no decree for a sale, or de-

cision as to whether the orators are entitled to a decree for a sale under the prayer of the bill as framed, is now made, but the cause is retained for further proceedings and directions in that respect, on failure, if any, to redeem.

Question has been made as to the right to the special rate of 7 per cent. interest after the falling due of the bonds. This is a Vermont contract, to be construed by the laws of Vermont. This question arose upon bonds and- mortgages of the Rutland & Burlington Railroad in *Cheever* v. *Rutland & B. R. Co.*, in the supreme court of Vermont, the highest court of the state, at the general term, 1869, not reported in the state reports. In that case it was held that the principal of the bonds bore interest at the special rate after they were due, as well as before, and the interest coupons at the usual rate allowed by law, from the time when they fell due. Opinion by STEELE, J., Pamph. 18, 19.

The reckoning stated from the master's report is in accordance with this decision, which is controlling upon this question.

These are all the points about which any question has arisen.

The master's report is accepted and confirmed. The leave heretofore granted to bondholders to become parties plaintiff is so modified that bondholders not citizens of Vermont may become such parties at any time before the first day of March, 1887, by entering an appearance for that purpose, with consent to share ratably the expenses of this suit. And let a decree be entered to the effect that, unless the defendants, within one year from the fifth day of October, 1886, pay to the orator the Jackson & Sharp Company the sum of $18,109.65, and to the orator the Diamond State Iron Company the sum of $13,791.19, and to such other bondholders as shall become parties plaintiff, pursuant to the leave granted, the several sums due them respectively, as shown by the master's report, with interest on all of the sums, respectively, from the fifth day of October, 1886, to the time of payment, together with the costs of this suit, they be foreclosed of all equity of redemption in the premises; and this suit is retained for further proceedings and directions, in case of such failure.